EISNAUGLE, J., concurring in part and dissenting in part.
I agree with the majority that the modification of timesharing and change in the child's primary residence should be reversed on due process grounds. Therefore, a new trial on this issue is in order.
However, I disagree with the majority's conclusion that the trial court's denial of the relocation petition is not supported by competent, substantial evidence.[5] Although *841 I might well have weighed the factors differently were I the trial judge, it is not for this court to reweigh the evidence on appeal. Wraight v. Wraight , 71 So.3d 139, 142 (Fla. 5th DCA 2011) (recognizing in a relocation case that "this Court cannot reweigh the evidence considered by the trial court. We can only decide whether substantial competent evidence exists to support the trial court's decision." (citations omitted) ). In my view, the majority has reviewed the final judgment for the greater weight of the evidence rather than for competent, substantial evidence.
Without belaboring the point, the evidence at trial included, but was not limited to, testimony and evidence from which the finder of fact could conclude that:
(1) Former Wife improperly relocated with the child without authorization from the trial court;
(2) Former Wife unreasonably refused to allow Former Husband to communicate with their three-year-old child via Skype, instead of by phone, so that he could see his father and siblings;
(3) Former Wife at times would refuse to facilitate even simple phone calls between the child and Former Husband;
(4) Former Wife unreasonably limited her own communications with Former Husband, if she responded at all, demanding that he exclusively communicate with her via e-mail and refusing to communicate in person, by phone, or even text message;
(5) Former Wife sometimes failed to consult with Former Husband when choosing the child's healthcare providers; and
(6) Former Wife unreasonably declined Former Husband's requests for additional time with the child in violation of the parties' settlement agreement. For instance, Former Wife admitted at trial that she would take the child to daycare when she worked instead of permitting Former Husband to care for the child. On one such occasion, when Former Husband asked if he could care for the child during the day while Former Wife worked, Former Wife responded only by saying that she believed it was in the child's "best interest" to "fully participate full-time at the [daycare]."
This and other evidence below supported the trial court's ruling. While I readily concede that there was a host of evidence which would have permitted the trial court to grant the petition for relocation, the point here is that it is not our role to determine credibility, resolve conflicts, or weigh the evidence presented at trial. Therefore, I believe we are constrained to affirm the trial court's denial as to relocation.
Finally, as the majority notes, Former Wife argues that the most recent settlement agreement does not require her to reasonably accommodate Former Husband's requests for additional timesharing. Specifically, she argues that the parties' original agreement to exercise the "utmost good faith" in consenting to reasonable requests of the other party was modified by the Mediated Settlement Agreement.
Even if this argument were preserved, it is without merit. The original settlement agreement remained in full force and effect unless modified by the Mediated Settlement Agreement. The provision in the Mediated Settlement Agreement relied upon by Former Wife states that it replaces the parties' original timesharing plan, which is set forth in Paragraph 2E of *842 the original settlement agreement. In contrast, the provision requiring the parties to exercise the "utmost good faith" in granting reasonable requests for additional timesharing is in Paragraph 2D of the original settlement agreement. In short, Paragraph 2D's requirement that the parties exercise the "utmost good faith" remains in full force and effect because it is found in an entirely separate provision and was not modified by the Mediated Settlement Agreement.

To the extent that the majority's opinion can be interpreted as reversing the denial of the petition for relocation based on a lack of findings by the trial court, I note that this issue was not argued in the initial brief, other than a fleeting reference buried in a heading, and is therefore waived. Cf. State v. Dougan , 202 So.3d 363, 378 (Fla. 2016) ("The State raises this argument for the first time in its Reply Brief in this Court, so it is waived.").